# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKUS JAMES THOMAS,<br>Plaintiff,<br><br>v.<br><br>WARDEN D. EDWARD MCFADDEN,<br>SGT. ROY HAMILTON, SGT. GEORGE<br>YOUNG AND CAPT. SERGI,<br>Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-1350 |

## MEMORANDUM OPINION

Plaintiff Markus Thomas, an inmate in Pennsylvania state prison, brings this *pro se* Section 1983 action against various prison officials (collectively "Defendants"), challenging disciplinary action he faced as a result of a purportedly positive drug test. Defendants now move to dismiss all claims. For the reasons that follow, Defendants' motion to dismiss will be granted.

### I.   Background[1]

During the time relevant to this litigation, Plaintiff was a pre-trial detainee housed in Chester County Prison. Defendant D. Edward McFadden was warden of the prison; the remaining defendants—Sergeant Roy Hamilton, Sergeant George Young, and Captain Steve Sergi—were employed at the prison.[2]

---

[1] In view of the instruction that *pro se* pleadings are to be liberally construed in favor of the plaintiff, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff's Amended Complaint is read as adopting the allegations contained in his original complaint. *See, e.g.*, *Steel v. Turner Broadcasting Sys., Inc.*, 607 F. Supp.2d 258, 262 (D. Mass. 2009) (providing that the instruction to construe *pro se* pleadings liberally "[was] best complied with by . . . reading [plaintiff's] original and amended complaints together"). Accordingly, the facts herein come from the allegations in both the original and amended complaint as well as the exhibits attached thereto. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.").

[2] In his amended complaint, Plaintiff requested that Lieutenant Perdo Lopez and Chester County Prison be added as parties to the suit. There is no indication that Plaintiff has served either party. Even assuming *arguendo* Lopez and Chester County Prison are proper parties to the suit, Plaintiff's complaint fails as to all parties because, as discussed below, it does not contain sufficient allegations against Lopez, Chester Country Prison, or any other party to support a claim upon which relief can be granted.

On February 25, 2018, Hamilton and Young searched the prison block in which Plaintiff was housed for drugs. Six inmates, including Plaintiff, were taken to the "ID" department where they submitted to what Plaintiff refers to as an "alere I-Cup" urine drug test. Plaintiff does not deny peeing in the cup, but the allegations of his Complaint generates some confusion as to what happened next. Either he flushed the urine down the toilet and threw away the cup so "there was nothing to test" or, he did not and the officers upon visual inspection of the cup's contents reported that they found drugs but did not submit the specimen for follow-up lab testing. No evidence of the test was retained, no samples were submitted for clinical analysis, and no further testing was done.

Although Plaintiff maintains that he had no drugs in his system at the time, the Incident Citation describing what happened indicates that he tested positive for Benzodiazepines. Based on the purportedly positive drug test and the officers' report, the prison's Disciplinary Board subjected Plaintiff to disciplinary action. Plaintiff alleges that a lab report was produced during the disciplinary hearing but that it was fake and he did not sign it. He goes on further to say that he has been informed that the "fake law report was removed from the hearing file and is in the possession of the warden." He also avers that "after contacting a local clinic used by the prison, it was confirmed that no person or urine specimen was analysed [sic] on the dates in question." The disciplinary hearing officer, reaching his decision on the officer's report and a "test report", determined that Plaintiff should be removed from the general population to disciplinary segregation for a period of ten days. He also lost three days of good time; and had his television, canteen, and telephone privileges suspended.

Plaintiff challenged the disciplinary action, first by filing a complaint through the prison's Inmate Grievance Disposition process. Sergi, the complaints officer responsible for

2

reviewing Plaintiff's challenge, found the "[g]rievance unfounded" because that the "I-Cup results indicated presence of Benzodiazepines." Plaintiff then filed an appeal to the Chester County Disciplinary Board of Appeal. The Board denied the appeal. Plaintiff then brought this action in federal court. On June 21, 2018, the court granted Defendants' first motion to dismiss. Plaintiff filed an amended complaint, and Defendants again move to dismiss.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. *Id.* at 683. Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 555). When analyzing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Legal conclusions are disregarded, well-pleaded factual allegations are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id.* at 211.

## III. Discussion

Broadly construed, Plaintiff's Complaint alleges that Defendants violated Plaintiff's due process rights by lying about the drug test, and then punishing him for the false drug test.

3

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). In the context of prison disciplinary proceedings, "due process prohibits the deprivation of a prisoner's liberty interest at a disciplinary hearing unless the prisoner is given the following three rights: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" *Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992) (quoting *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). In addition, a disciplinary decision "implicating a prisoner's liberty interest must be supported by at least some evidence." *Hill*, 472 U.S. at 455 (internal quotation marks omitted). A prisoner, like Plaintiff, has a protected liberty interest in good time credits. *Id.* at 454.

Here, Plaintiff's complaint contains no allegations that the disciplinary hearing was procedurally defective. There are no allegations that Defendants failed to provide "advance written notice of the disciplinary charges," "an opportunity [for Plaintiff] to call witnesses and present evidence in his defense," or "a written statement by the factfinder of the evidence relied on and the reasons for the decision." *Id.*

Instead, Plaintiff challenges the sufficiency of the evidence supporting the disciplinary action, on the grounds that the decision was based on the allegedly falsified drug test.[3] When

---

[3] To the extent that Plaintiff brings a Section 1983 claim based on Defendants' falsification of the drug tests alone, that claim fails as a matter of law. While "[p]risoners are entitled to be free from arbitrary actions from prison officials . . . [t]he protections against this arbitrary action . . . are the procedural due process requirements as set forth in *Wolff v. McDonnell*." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Thus, "filing false disciplinary charges does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided." *Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009); *Hanrahan*, 747 F.2d at 1140-41 (holding that an allegation that prison guards planted false evidence on prisoner and then issued a disciplinary ticket in retaliation for failure to pay an extortion demand did not support a due process claim where prisoner was afforded a disciplinary hearing that comported with *Wolff*'s procedural requirements). Accordingly, Plaintiff's allegation that

reviewing a fact finder's decision in a prison disciplinary action, a court must sustain the finding so long as "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. This minimal standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* Even where the evidence "might be characterized as meager," if "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," those findings must be upheld. *Id.* at 457.

Here, the Disciplinary Board's decision met the "some evidence" standard. The Disciplinary Board based its decision on the test report and the officers' account of what happened. The Disciplinary Board credited the officers' statements that: Plaintiff took the test, the officers' witnessed the results of that test, and the result of the test indicated Benzodiazepine in Plaintiff's system. The decisions from the Disciplinary Board and Board of Appeal demonstrate that "the record is not so devoid of evidence that the findings . . . were without support or otherwise arbitrary." *Id.* at 457; *Hanrahan*, 747 F.2d at 1141.

Plaintiff's claim, in effect, asks the Court to find the Disciplinary Board's findings invalid because it credited the officers' testimony. But, the Court's task is not to relitigate the veracity of the officers' statements, nor to review the Disciplinary Board's credibility determinations. *Hill*, 472 U.S. at 455-56 (noting that judicial review "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"); *Lang v. Sauers*, 529 F. App'x 121, 123-34 (3d Cir. 2013) (upholding disciplinary action that relied on officers' testimony where inmate alleged that officers contrived false charges against him). Judicial review of a prisoner's disciplinary action is concerned only

---

certain Defendants forged his name on the drug test, and more broadly, lied about the drug test "does not itself violate [Plaintiff's] constitutional rights." *Richardson*, 344 F. App'x at 757.

with whether the action meets the minimal "some evidence" standard. That standard was met here.

Accordingly, Defendants' motion will be granted, and Plaintiff's claim will be dismissed without prejudice. An appropriate order follows.

**February 21, 2019**

                                                 **BY THE COURT:**

                                                 **/s/Wendy Beetlestone, J.**
                                                 _____
                                                 **WENDY BEETLESTONE, J.**